Good morning, Your Honor. Steve Lathrop on behalf of Appellant Tariff Green. May it please the Court. This Court has certified two issues that are somewhat related. They're both concerning Appellant's conviction for attempted murder with the street gang enhancement. And what we find is that there's the California Court of Appeals decision opinion that there was sufficient evidence to support the gang enhancement when it could merely point to the fact that these offenses were committed by gang members is insufficient evidence. And also that the second issue that this Court has certified, the expert opinion of Sergeant Radke that there was an intent to kill necessarily when a gang member fires a weapon, discharges a weapon, that that violated Appellant's due process rights in connection with the required element under state law for attempted murder that the murder be, that there be a specific intent to kill. And I would like to address the first issue. The evidence was that there were gang members, that Mr. Green was a gang member, but not that it was gang related. The California Supreme Court has set forth the elements with which are required to be proven to sustain a finding for the gang enhancement. And there's two elements. It'd be gang related and not just, and then it defines those elements, gang related, but not that it just be committed by gang members. Page 10 of the opening brief, and that's the California Supreme Court decision. So the question is, where does the California Court of Appeal point to the fact that this is, that the evidence was sufficient to show it was gang related? Well, isn't the issue basically whether it was for the benefit of the gang? That's true. And that depends essentially on the testimony of the expert witness? That's right, Your Honor. And what we have here is, we have nothing at all, no evidence whatsoever to show that this was gang related. Only evidence. That's not entirely true, counsel. You have four members, three of them tattooed with gang symbols, known members of the same gang. And the fourth, Mr. Green, did not have tattoos, but was identified by the officer as having been previously affiliated with the gang. We have three guys expressly who are clearly members of the gang. Well, aren't you conceding that they are all gang members, and it's a crime committed by gang members? Yes. But it's a crime not committed. Your argument is that there are two elements required, and the second is that in addition, that it's not enough to show they're gang members, but they have to be shown, it has to be shown that it's done for the benefit of the gang. Absolutely, and that's what the, that's the answer. But you're conceding that they're all gang members who committed the crime. Yes, but there's no... Your assertion is that under California law, that that's not enough. That's correct, because there has to be some reasonable inference from the evidence, from the, in this case, the sergeant's, the expert's testimony, some reasonable inference that other than the gang, the defense being gang members, that it was committed for the benefit of the Carmel Street gang. There were no, although there was no, it was committed outside the area of the Carmel Street gang. It wasn't committed against another street gang. It was non-gang members. There was no flashing of gang signs. There was no showing of distribution of gang members to benefit the gang. Can the enhancement be proven in different ways? I'm looking at 18622B, and it appears to be in the disjunctive, that is, person convicted of a felony committed for the benefit of, at the direction of, or in association with criminal street gangs. You focused on whether this benefited the gang. Could it have been established by showing that Mr. Green acted at the direction of gang members or in association with gang members? Would that have supported the enhancement? No, because the California Supreme Court has interpreted in the Gardelli case how those enhancements, how those elements, what those elements mean. And what the court said is, Supreme Court, that crimes must be gang-related. In other words, not only must they, they must not simply be just committed by gang members. So it's not sufficient that, to sustain the enhancement, that the prosecution showed that there were gang members that committed the crime. Because then every single offense committed by gang members, and here you have multiple members, would be... with another man in the apartment and all of a sudden pulled a knife or pulled a gun or something and shot him. It would be reasonable for a jury to say, that's not gang-related. This is the way that people who are in these kinds of situations unfortunately sometimes behave. But where we have four members of a gang who go out and commit a premeditated robbery, how are we to, what else would we have to show that this is gang-related? I mean, that's a legitimate question. What I would draw the court back to is that the California Supreme Court has said the state was required to establish that the crimes were gang-related and not just committed by gang members. Plural. They've showed that this crime was committed by gang members, plural. And your hypothetical was one person. There were two. What the Attorney General here is saying, and the State Court of Appeals is holding, implying in their opinion, is that any offense committed by more than one gang member is necessarily sufficient to sustain the enhancement. That's not the law. The State argued here that Mr. Green was the getaway driver. Yes. Is there evidence that would have supported a jury finding that Mr. Green was acting at the direction of others whom you conceded were gang members? Well, I mean, we're not arguing that he didn't assist in the perpetration of the offenses. Because we're not arguing that he didn't, that's not the argument here. The argument is that all the Attorney General has proven and all the facts in the Court of Appeals' opinion simply show no more than this offense was committed by at least three or four gang members. My client included. California Supreme Court says that's not sufficient to sustain the enhancement. There's a due process violation under Jackson v. Virginia because the State hasn't proven every element of the offense beyond it being sold down. It's required that there be some additional, you know, a flashing of a gang sign, some scintilla, something to link it to gang-related, other than multiple members of a gang, a Criminal Street gang, commanding offense. Are you familiar with our decision in Garcia v. Carey? No, I'm not, Your Honor. That was a 2005 decision that dealt with this statute. If you haven't read the case, I won't tell you. I'd like to focus, if there are any questions on this point, on the admission of the gang expert's testimony that whenever a gang member fires at someone, there's an intent to kill. This is critical because in order to sustain the conviction for attempted murder under California law, there has to be a specific intent to kill. And Sergeant Ratty testified that every gang member has an intent to kill. It's a shoot or kill or be killed scenario in every situation, not only against other gang members, but with non-gang members. And that leads to improper inferences of the evidence because, of course, it would be entirely improper for the prosecution's expert to have testified that Mr. Green had the specific intent to kill. That's ultimately a question for the jury. And what we have here is the functional equivalent. We have the prosecutor's expert testifying that all four gang members, whenever a gang member shoots, and it was another one of the gang members that fired the shot, that gang member has an intent to kill. And there's a transferred intent under California law. So the jury is then forced to arrive at this conclusion. And that's the only reasonable inference, is that since you have a gang member, the testimony is that all gang members fire with an intent to kill. Necessarily, there's an intent to kill. And although the court instructed that the jury had to determine itself whether the defendant had the intent to kill, and it could only use the expert's testimony as part of the entire evidence, by using that testimony of the expert, the only inference would be the unreasonable and improper inference that the defendant had. So there was a denial of due process in connection with the expert's testimony. Counsel, you've got about 15 seconds left if you want. I'll reserve a minute. You have pleased the court, Garrett Beaumont, for appellee in this case. California penal code section 186.22B, in terms of intent, which is what this court is probably interested in, requires this specific intent to promote further or assist in any criminal conduct by gang members. And California case law holds and is consistent with that meaning and including the charged criminal conduct. Now in this case, the defendant and his three fellow 84 Main Street Crips, where he was the gang associate, went to Heritage Jewelers from their gang territory with a police scanner, duct tape, two blue bags, and at least one gun. They shot and robbed one owner and robbed his wife as well, and then attempted to flee back. There was extensive testimony by the gang expert that predicate crimes committed by this criminal street gang included robbery and attempted murder, and that it was typical of a gang such as this to spread the loot or spread the loot, the love, back in their own gang territory. May I ask you, counsel, if you did not have the expert witness's testimony, would there be sufficient evidence? No, in the sense that you wouldn't even know they were gang members without the expert's testimony. Let's assume you knew they were gang members, but you didn't have the testimony about spreading the love or sharing the proceeds. You just knew they were gang members. If, under that scenario, you knew they were gang members, and also I'm assuming you knew that their criminal street gang committed crimes such as this one, attempted murder and robbery, if you knew those and the gang expert had not testified at all, you'd still have sufficient evidence to support the gang enhancement. Because jurors could easily infer from the evidence presented that these gangsters heightened their own status within the gang and heightened their gang status by committing these crimes together. In other words, the other three gangsters knew that the gangster in question... I think it's greatly appropriate to refer to these individuals as gangsters. It's a criminal street gang. And in order to be a gang, it has to commit criminal offenses. And those criminal offenses have to be violent offenses. That's why the California legislature chose to protect... So all members of gangs in California are gangsters? Active gang members are gangsters, yes. Of all gangs? Of all criminal street gangs. Because in order to be a gang under 18622B or 18622A, it has to be a criminal street gang whose predicate activities are crimes and violent crimes against the other people in their territory, who are always poor and minority, by the way. I'm concerned with the sweep of the argument that you make. It sounds like in any case where two or more gang members commit a violent crime, this enhancement would apply according to your view. Aren't there cases where two may say to one another, let's go rob this place and let's keep it a secret? We don't want to share this with anybody? I think it was suggested by another judge on this panel that if it was a crime of passion and the other gang or gangster happened to be there, it wasn't a predicate crime, it wasn't a crime that could obtain loot for the gang and so forth, that the jury could easily find that not true. Is that the only exception? Let's talk about property crimes like burglaries and robberies. Is it your position that if it's shown that the perpetrators of such crimes are members of gangs, that in each instance then this enhancement would apply and convert the penalties to three extra years? They could defend against the enhancement by arguing they just happened to be there at the same time, that it wasn't premeditated, they didn't go from one area to the other together in concert, they didn't try to leave together in concert and show therefore that they weren't committing the crime in order to further promote or assist in any criminal conduct by gang members. It seems like that turns the burden of proof around though. The prosecution has the burden of proof of establishing that they were trying to further the interest of the gang. They don't have the burden of disproving that simply because of their status as gang members. The reason why this statute would apply was because number one, you can prove an enhancement like you can prove any substantive crime with circumstantial as well as direct evidence. And remember, to get to 186.22b and the issue of intent, you've already shown that the defendant in this case is an active gang member or an associate of a gang member. You've shown the predicate crimes committed by the gang. You've shown that this crime, well in this particular case, you've shown that this crime is absolutely the standard predicate crime that this gang typically commits. And I'm going to add in the gang expert's testimony here, even though I originally left it out. You've got extensive testimony, which is perfectly admissible, that gangsters commit these crimes in order to enhance their own prestige and the gang's prestige. In response to Judge Reinhart's question, you used the phrase criminal street gangs. You were very, very specific to say if they are members of a criminal street gang. Now, has somebody certified the 84 Main Street Crips as a criminal street gang? Does that have to be proven each time to the jury, or does the California Attorney General certify that, or does one finding in one case label that? Are they on a list someplace? The way that's proven in a case is by testimony regarding the predicate crimes committed by the gang. Would that have to come in in each case? Pardon? Would that have to come in in each case? As far as I know, now there are two. So the next time you have an 84 Street gang related... Oh, you'd have to prove it again. You'd have to come back and prove that this is... Yeah, in each case it has to be proven. Now, the defendant can try to stipulate to it, maybe try to bifurcate the case in that by stipulating to it. But unless he stipulates to it, the prosecutor has to come forward and prove that the gang committed predicate crimes and so forth. If you've shown that you've got a criminal street gang... Right. Then back to Judge Burns' question. If you can show that, then isn't the mere commission of a crime with two or more members involved, and I'll stipulate it's a property crime and premeditated, isn't that sufficient for the enhancement? I think it's sufficient for the enhancement. That's not to say the defense can't put on its case, but the jury has enough evidence there to find the enhancement true. But the reason you have a gang expert testify is because the gang expert, and it's perfectly admissible, can testify as to the reasons gang crimes are typically committed. Prestige, spreading loot, so forth. And, again, that testimony can be challenged by the defense. They can put on evidence trying to contradict that. But it is a broad statute, and deliberately so. It's meant to be a broad statute. In B-1, it says that any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang member with specific intent, and so on. Right. Do I understand you to have only argued below that this was a felony committed for the benefit of a criminal street gang? No. Did you argue that this was in association with? Did you argue that it was in the direction of? I argued the words of the statute. I wasn't the trial prosecutor in this case. You didn't argue anything then. Pardon me. All right. But wasn't the prosecutor's argument that it was for the benefit of the gang? Yeah, he argued that, but he didn't restrict himself to that. But he emphasized that, I'm sure. I'm looking at page 2 of the California Court of Appeals decision, and it refers to B-1 and only mentions the for the benefit of language. It doesn't seem to mention the in association with language. I'm sorry, that's actually the district courts. Oh, all right. And now I'm looking at page 2 of the California Court of Appeals, same problem. Committed the crimes for the benefit of a criminal street gang. It does not mention in association with. What are we supposed to do with that? That doesn't, to my way of thinking, the Court of Appeals summary of the case and shorthand reference to the statute with which they were charged doesn't restrict the prosecutor for the benefit, the trial prosecutor. And I think if you look at the information that's in the supplemental, or in the excerpts of record. But aren't we bound by what the California Court of Appeals said? I'm looking again on page 7. Defendants also contend the evidence is insufficient to support the jury's finding that the attempted murder and robbery were committed for the benefit of a street gang. So it's been repeated several times here. All right. No, I don't think so. That's a short answer. I don't think you're bound by that. Is the trial court's charge to the jury part of the record in this case? Yes. I'm not, what I have is, unfortunately, the supplemental excerpts and the excerpts of record didn't happen to include that charge, unfortunately. The excerpts of record include the information charging the enhancement. And my reading of it, let's see, for the benefit of, yeah, at excerpts of record 4 charges it in the language of the statute. I'm sure it charges it, you know, it charges in the statute. The question is what was the trial about? I'm sure the indictment or information charge is what the statute charges. Right. The question is what was the trial about? What did the government attempt to prove and what did it tell the jury it had proved and what did the judge tell the jury it could find? The government attempt? We've taken you two and a half minutes over already. I'm going to assert that the government charged him under the language of the statute and it was instructed under the language of the statute. That instruction you can certainly get from the district court. I'm sorry it wasn't in the excerpts or supplemental excerpts. Thank you, counsel. Thank you. All right. We'll give you another minute. I have 12 seconds. I know I have 12 seconds, Your Honor. It's interesting. The AG says that you don't have to consider the expert's testimony, but of course in the trial court the way they get that admitted is to say that it's essential because the jury can't make these determinations. These are outside. It requires expert testimony. These issues are outside whether it's to promote, whether what some gang members did is done with the specific intent to promote the criminal street game. There's no evidence of that in this case. That's why they say they need the experts in the first place, and of course you have the AG saying, well, you can ignore the experts and still find sufficient evidence. You can't. And I think that's why the California Supreme Court has said that the state was required to establish that the crimes were gang related and not just committed by gang members, plural. Counsel, do you happen to know what the instruction was for the jury? Yes, it was consistent with the language of the statute. So it was as broad as the statute. Yes, yes. And the argument here is there's no, when you look at the expert's testimony. Counsel, then it could have been, the jury could have been, could have found that this crime was committed in association with a criminal street gang. But it also has to find that it was committed with a specific intent to promote. Well, it's pretty clear that there's, it's pretty clear that we committed a crime with specific intent here.  There's a specific intent element of the enhancement. Right. It's got to be done in association and with a specific intent to promote and further the gang. Well, we don't go back, we don't, the loop's not shared here. No, it's pretty clear, counsel. Isn't it that you had specific intent to promote, further, or assist in any criminal conduct by gang members? Criminal conduct being the robbery. Well, it has to be, it has to be with a specific intent. You wouldn't deny that Mr. Green didn't intend to rob the, or assist in the robbery. No, no, absolutely not. And so we do have specific intent to do that. Yes. So what are we missing here? We're missing the gang related. We have, we know that this. Well, if he's doing it in association with a criminal street gang, then how, then why don't we have specific intent to promote or assist in any criminal conduct by gang members? With the specific intent, you don't have the specific intent to further the gang, as opposed to just get some money. Further or assist in any criminal, he promoted and he's assisting in criminal conduct by gang members, right? But there's no, there's no. But where, where does the requirement that it be to promote the interest of the gang come from? Where do you find that requirement? The California Supreme Court's decision, which I have cited on page 10 of the opening brief. Page 10 of which case? People versus Gardelay, 1996 decision of the California Supreme Court on page 10. The first full paragraph. To sustain the enhancements, the state was required to establish the crimes were gang related and not just committed by gang members. That comes out of the California Supreme Court's decision. So, I mean, otherwise there's just no distinction then. I mean, that would be a superfluous holding by the California Supreme Court. I don't see anything in the quotation on page 10 that isn't in the statute. No, but the California Supreme Court has held that it's not sufficient that the offenses merely be committed by more than one gang member. Where did it hold that? I thought you said it was in Gardelay. Yes, at page 633. 14 Cal, Cal 4, 606 at page 633. 14 Cal? 14 Cal 4, 606, pinpoint site 633. Not merely sufficient that it be committed by multiple gang members. Otherwise, every single offense was committed by multiple gang members. So you're saying that if it's committed by multiple gang members, somebody's going to be assisting the other gang members. Right. And that's not enough. That's not enough, no. And what you have in these cases always, you have a gang, you have some sign thrown to show that, okay, it's hooking back to the gang. You know, a gang sign thrown. A gang testimony that, you know, the other gang, you know, someone overheard. I mean, some other evidence other than the mere fact of presence of multiple gang members committing an offense outside of gang territory, unrelated to any gang motive, other than just motive of greed. There is, there's another section before the enhancement that he was convicted of engaging in gang activities. Right. There's also a substantive. There was a substantive offense. Criminal. And this, of participating with criminal street gang members. Right. But this is an enhancement of that. It's a separate, no, it's not an enhancement of that. That was the, there's a separate substantive crime called active participation in a criminal street gang. There's also in the California law. And in addition, there's an enhancement if you do more than participate in a street gang crime. I'm trying to see how the two sections work. I don't have the statute here. Right. I mean, they have separate elements. This criminal street gang enhancement attached to the attempted murder charge. He also was convicted of a separate count in this case of, quote, active participation in a criminal street gang, which is under a separate subdivision of Penal Code Section 186.22. The enhancement doesn't apply to that. That's correct. Thank you.
judges: Reinhardt, Bybee, Burns